CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
OCT 02 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CHARLES ASHWORTH, | ) |
| | ) CASE NO. 4:09CV00006 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) By: B. Waugh Crigler |
| | ) U. S. Magistrate Judge |
| Defendant. | ) |

This challenge to a final decision of the Commissioner which denied plaintiff's May 17, 2004 applications for a closed period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this action from the docket of the court.

On August 9, 2005, an Administrative Law Judge ("Law Judge") found that plaintiff suffered degenerative disc disease of the cervical, thoracic, and lumbar spine, but that he did not have an impairment or combination of impairments which met or equaled a listed impairment. (R. 61.) The Law Judge then found that plaintiff possessed the residual functional capacity

("RFC") to perform sedentary exertional work that accommodates a sit/stand option. (*Id.*) The Law Judge determined that this RFC precluded plaintiff from performing his past relevant work. (*Id.*) However, by reference to the Medical-Vocational Guidelines ("grids") Rule 201.21 he found that there were a significant number of jobs in the national economy that he could perform.[1] (*Id.*) Thus, the Law Judge ultimately found that plaintiff was not disabled under the Act. (*Id.*)

Plaintiff appealed the Law Judge's August 9, 2005 decision to the Appeals Council. (R. 65.) On June 21, 2006, the Appeals Council vacated the Law Judge's decision and remanded the case to consider further plaintiff's subjective complaints, give further consideration to plaintiff's RFC, obtain evidence from a medical expert ("ME") and obtain supplemental evidence from a vocational expert. (R. 66.)

Hearings were held on November 14, 2006 and June 27, 2007. (R. 71.) On August 16, 2007, a Law Judge found that plaintiff suffered degenerative disc disease of the spine, but that he did not have an impairment or combination of impairments which met or equaled a listed impairment. (R. 73.) The Law Judge also found that plaintiff maintained the RFC to lift ten pounds, sit for six hours in an eight-hour workday, stand and walk for two hours in an eight-hour workday with a sit/stand at will indoor option. (R. 74.) He determined that this RFC precluded plaintiff from performing any of past relevant work. (R. 77.) Basing his decision "largely on the opinion" of a consulting neurologist, whose presence for cross examination was sought but denied, the Law Judge ultimately found that plaintiff was not disabled under the Act. (R. 78.)

---

[1] Examples of jobs that plaintiff could perform were those of a sedentary cashier, a production inspector, and a telemarketer. (R. 61.)

2

Plaintiff appealed the Law Judge's August 16, 2007 decision to the Appeals Council. (R. 162-164.) The Appeals Council granted plaintiff's request for review and vacated the Law Judge's decision. The case was remanded to allow for an evaluation of plaintiff's COPD, to obtain evidence from a ME, to further consider plaintiff's RFC and to obtain supplemental evidence from a vocational expert. (R. 163.)

In his February 8, 2008 decision, the Law Judge noted that plaintiff was insured for benefits through March 31, 2009, and that he had not engaged in substantial gainful activity since May 11, 2004, his alleged date of disability onset. (R. 26.) The Law Judge found that plaintiff suffered degenerative disc disease of the cervical, thoracic and lumbar spine. (R. 27.) However, it was determined that plaintiff did not have an impairment or combination of impairments which met or equal any listed impairment. (*Id.*) The Law Judge found that, although plaintiff's medically determinable impairments reasonably could be expected to produce his alleged symptoms, his statements concerning the intensity, persistence and limiting effects of these symptoms were "not entirely credible." (R. 35.) He then determined that plaintiff retained the RFC to perform sedentary work which would allow him to use a cane and alternate between sitting and standing as needed. (R. 28.) The Law Judge was of the belief that plaintiff's RFC precluded him from performing his past relevant work[2], but that prior to August 18, 2007, there were a significant number of jobs in the national economy that he could perform. (R. 37.) The Law Judge found that beginning on August 18, 2007, the date plaintiff's age category changed[3], a

---

[2]The Law Judge found that plaintiff's past relevant work included work as a welder and truck driver. (R. 37.)

[3]Plaintiff was born on February 18, 1958; he was forty-six years old on his alleged disability onset date. (*Id.*) According to the regulations, an age category does not have to be

3

Case 4:09-cv-00006-JLK-BWC   Document 17   Filed 10/02/09   Page 3 of 7   Pageid#: 61

finding of disabled was mandated under Grid Rule 201.14. (R. 38.) Thus, the Law Judge ultimately found that plaintiff was not disabled prior to August 18, 2007, but that he became disabled and has remained disabled since that date. (R. 39.)

Plaintiff appealed the Law Judge's February 8, 2008 decision to the Appeals Council. (R. 11-13.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 11.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff's principal argument is that the Law Judge did not apply proper standards in evaluating his credibility, resulting in a determination of his residual functional capacity that exceeds the one plaintiff believes the evidence supports. (Pl's Brief, pp. 6-10.) Plaintiff further contends the Law Judge's

---

applied mechanically in a borderline situation. 20 C.F.R. §§ 404.1563(b), 416.963(b). In this case, the Law Judge found that as of August 18, 2007, six months prior to the date plaintiff would reach age fifty, he met the definition of an individual closely approaching advanced age. *See* 20 C.F.R. §§ 414.1563(d), 416.963(d).

4

finding that he suffered an impairment likely to produce the subjective symptoms alleged satisfied any requirement for medically objective bases for his pain has been satisfied. Plaintiff concludes that, in assessing the vocational limitations associated with his impairments, the Law Judge failed to fully evaluate factors other than merely the objective medical evidence. (Pl's Brief, p. 6.)

A claimant's subjective complaints of pain must be supported by the objective medical evidence. *Craig v. Chater,* 76 F.3d 585, 591 (4th Cir. 1996); *Johnson v. Barnhart,* 434 F.3d 650, 657 (4th Cir. 2005). Specifically, the evidence needs to show the existence of a medical impairment which could reasonably be expected to produce the amount and degree of pain alleged. *Craig,* 76 F.3d at 591; *Johnson,* 434 F.3d at 657.

Social Security Ruling ("SSR") 96-7p establishes a two-step process for evaluating or assessing a claimant's statements about his or her symptoms. Initially, the Law Judge must determine whether there is an underlying medically determinable impairment which could be expected to produce the symptoms alleged by the claimant. Once such an underlying medically determinable impairment has been found, the Law Judge must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to perform basic work activities. When the claimant's statements about the intensity, persistence, or functionally limiting effects of the symptoms are not supported by substantial objective medical evidence, the Law Judge must evaluate the claimant's credibility based on the entire record.

Here, the Law Judge initially found that plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms. (R. 35.) In this respect, plaintiff

5

is right when he observes that such a finding bolsters a claimant's credibility, at least to the extent that symptoms consistent with the impairment likely are to exist. (Pl.'s Brief, pp. 7-8.) However, that does not end the inquiry about the intensity, degree and duration of those symptoms. For example, the kind or type of pain plaintiff claims may expected as a result of a back impairment, but the degree to which he suffers that pain remains a matter of proof. The regulations go on to prescribe a non-exhaustive list of factors which may be taken into account in determining the intensity of the pain claimed. *See* 20 C.F.R. § 404.1529(c)(3). In this case, the Law Judge found that plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible.

If the Law Judge Commissioner had attempted to justify the decision solely on the evidence of the State agency consulting neurologist, Shubhangi Chumble, M.D., the undersigned could have reason to find that decision unsupported by substantial evidence. This is so, because that doctor's opinion is purely conclusory. Yet, during the periods of remand, plaintiff was seen at a hospital, a neurology clinic and a pulmonary clinic, and a ME was present at the hearing. (R. 525-561.) The Law Judge clearly considered this additional evidence, for he devoted at least two pages of his decision to summarizing it. (R. 35-36.) There is nothing in all this evidence which actually corroborates plaintiff's lone testimony that his symptoms limit him to the point of being disabled. The record reveals that the Law Judge evaluated disparities between plaintiff's allegations and the record as a whole, leading the undersigned to conclude that he did account for the other evidence and other factors in the record. However, they did little to lead him to find that the degree and intensity of plaintiff's symptoms were as great as plaintiff alleged. Though the undersigned may not have reached the same conclusions, the resolution of the factual

6

conflicts in the case is supported by substantial evidence.

For these reasons, it is RECOMMENDED that an Order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

10-2-09
Date