IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CHARLES ASHWORTH, | ) |
| | ) Case No. 4:09CV00006 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security Administration | ) By: Jackson L. Kiser |
| | ) Senior United States District Judge |
| Defendant. | ) |
| | ) |

Before me is the Report and Recommendation of the United States Magistrate Judge recommending that the Defendant's Motion for Summary Judgment be granted and the Commissioner's final decision be affirmed. The Plaintiff filed objections to the Magistrate's Report and Recommendation. I have reviewed the Magistrate Judge's recommendation, Plaintiff's objections, and relevant portions of the record. The matter is now ripe for decision. For the reasons stated below, I will **ADOPT** the Magistrate's Report and Recommendation and **GRANT** the Defendant's Motion for Summary Judgment. I **AFFIRM** the Commissioner's final decision and **DISMISS** this case from the docket of this Court.

**I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On May 17, 2004, Plaintiff Charles Ashworth ("Plaintiff") filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Title II and Title XVI of the Social Security Act, respectively. *See* 42 U.S.C. §§ 401–433, 1381–1383f. In the Disability Determination Services Daily Activities Questionnaire, Plaintiff stated that his "current back condition limits lifting[,] bending[,] climbing[,] neck and back

movements," and his "ability to grasp objects." (R. 238.) Additionally, when he did attempt to work, he suffered "severe pain" in his neck, back, and extremities. (*Id.*)

On July 5, 2005, an Administrative Law Judge ("ALJ") held a hearing to determine whether Plaintiff suffered from an impairment or combination of impairments which met or equaled a listed impairment. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A. At the hearing, Plaintiff, who was represented by counsel, and Dr. Gerald Wells, an impartial vocational expert ("VE"), both testified. (*See* R. 671–90.) On August 9, 2005, the ALJ submitted his findings. (*See* R. 50–62.) Although the ALJ found that Plaintiff suffered from "degenerative disc disease of the cervical, thoracic, and lumbar spine," and that such disease is considered "severe," the Plaintiff had the "residual functional capacity ["RFC"] to perform a significant range and sedentary work" and, thus, was not disabled under the Social Security Act ("the Act").[1] (R. 61.)

Plaintiff appealed the ALJ's August 2005 determination to the Appeals Council. (R. 65.) On June 21, 2006, the Appeals Council vacated the ALJ's decision and remanded the case to consider Plaintiff's subjective complaints, to give further consideration to Plaintiff's RFC, to obtain evidence from a medical expert ("ME"), and obtain supplemental evidence from a VE. (R. 65-66.)

The ALJ held hearings on November 14, 2006 and June 27, 2007. (R. 71.) On August 16, 2007, the ALJ again found that Plaintiff suffered degenerative disc disease of the spine but that he did not qualify as suffering from a disability. (R. 73, 78.) In support of his conclusion, the ALJ stated that Plaintiff maintained the RFC "to lift 10 pounds, sit for six hours and stand and walk for two hours in an eight-hour workday with a sit/stand at will indoor option." (R. 74.)

---

[1] For someone under the age of 55, like Plaintiff, the Social Security Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2008); *see also id.* § 416(i)(1) (2008).

Although the ALJ concluded that Plaintiff's condition precluded him from performing his past relevant work, the ALJ believed "there are jobs that exist in significant numbers in the national economy that the [Plaintiff could] perform," such as sedentary cashier, production inspector, or telemarketer. (R. 66, 78.) Additionally, the ALJ based his decision "largely on the opinion" of a consulting neurologist[2] whose presence for cross-examination was sought but denied. (R. 78; Rep. and Recom. 2 [hereinafter "R & R"].)

Plaintiff appealed this decision as well. (R. 162–64.) Again, the Appeals Council granted Plaintiff's request for review and vacated the ALJ's decision. (*Id.*) On remand, the ALJ was directed to: evaluate Plaintiff's chronic obstructive pulmonary disease; obtain evidence from an ME to clarify the nature and severity of Plaintiff's impairment; give further consideration to Plaintiff's maximum RFC and provide rationale in support of specific work-related limitations; and obtain additional evidence from a VE to clarify the effect of the assessed limitations on Plaintiff's occupational base. (R. 163.)

In his February 8, 2008 decision, the ALJ found that Plaintiff suffered degenerative disc disease of the cervical, thoracic, and lumbar regions of the spine. (R. 27.) Although Plaintiff's medically determinable impairments could, according to the ALJ, produce his alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effect of his symptoms were "not entirely credible." (R. 35.) Therefore, the ALJ determined that Plaintiff did not suffer

---

[2] The record is less than clear as to the identity of this neurologist. Judge Crigler does not refer to the doctor by name. (R & R 2.) The attorneys at the June 27, 2007 hearing, along with the ALJ, referred to a "Dr. Chumblay" who was not present for cross-examination. (R. 637.) Dr. Marshall referred to both a "Dr. Cumble" and "Dr. Cumball." (R. 571.)

from an impairment that rendered him disabled. (R. 39.) The ALJ did determine, however, that Plaintiff became disabled as he approached his fiftieth birthday.[3] (R. 39.)

Following this determination, Plaintiff appealed the decision of the ALJ to this court. The matter was referred to Magistrate Judge B. Waugh Crigler. Upon review of the record, Judge Crigler recommended that the Commissioner's Motion for Summary Judgment be granted and that I dismiss Plaintiff's appeal. (R & R 7.) Plaintiff timely filed objections to the R & R, contending that the ALJ failed to apply the proper standard of law in his evaluation of Plaintiff's pain. (Pl.'s Obj. to R & R 1.) The Plaintiff asserts that, based on the legal standard articulated in *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996), the ALJ failed to consider "all the available evidence" when determining whether Plaintiff's subjective assessments of his own pain and functioning were credible.

## II.     STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other

---

[3] Plaintiff was born on February 18, 1958. (R. 37.) He was forty-six years old on his alleged disability onset date. *Id.* According to the regulations, an age category does not have to be mechanically applied in a borderline situation. *See* 20 C.F.R. §§ 404.1563(b), 416.963(b). In this case, the ALJ found that, as of August 18, 2007, six months prior to the date Plaintiff would turn fifty, Plaintiff met the definition of an individual approaching advanced age. *See* 20 C.F.R. §§ 414.1563(d), 416.963(d). As such, when his advancing age was taken into account, the number of jobs in the national economy that Plaintiff could perform became less than significant, and the ALJ declared Plaintiff disabled as of August 18, 2007. (R. 38–39.)

words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545; *see Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (noting that role of the ALJ, not the VE, is to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(e), 416.927(e); *see also Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[4]" *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

## III. DISCUSSION

As I stated above, the gravamen of Plaintiff's objection is that the ALJ failed to review all the evidence when deciding that Plaintiff's subjective reporting of his pain was not credible. Plaintiff points out that the deference typically afforded to the ALJ's decisions does not mean, however, that I am to "credit even those findings contradicted by undisputed fact." *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006). Plaintiff argues that the present case—in which the

---

[4] Or the secretary's designate, the ALJ. *See Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).

ALJ refused to credit Plaintiff's pain testimony—is factually indistinguishable from *Hale v. Bowen*, 831 F.2d 1007 (11th Cir. 1987). Although an Eleventh Circuit case is not binding on my decision, that court's discussion of this issue is relevant and, in my opinion, correct:

> [I]f the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence. In this case, the Secretary has articulated reasons for refusing to credit the claimant's pain testimony, but none of these reasons is supported by substantial evidence. It follows, therefore, that claimant's pain testimony has been accepted as true.

*Id.* at 1012.

In this case, however, the ALJ's determination that Plaintiff's subjective complaints were not credible *was* supported by substantial evidence, and the ALJ adequately articulated his reasons for concluding as such.[5] The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. 35.) The ALJ noted that the medical findings established significant degenerative changes in Plaintiff's cervical spine, but x-rays of the lumbar region of his spine "revealed minimal degenerative changes at best and no evidence of impingement, radiculopathy or significant disc protrusions, findings which are inconsistent with his allegations of debilitating back pain." (R. 36.) Additionally, although Plaintiff walks with a cane, the ALJ noted that there is nothing in the record—save for a prescription for which the impartial ME found no

---

[5] As noted earlier, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

rationale[6]— that reveals the cane is medically necessary for mobility. (*Id.*) The ALJ's conclusion that Plaintiff's cane was unnecessary and not indicative of elevated levels of pain was supported by the testimony of the impartial ME, Dr. Marshall, "as well as the fact that [Plaintiff] has consistently had full muscle strength in his lower extremities . . . ." (*Id.*; R. 568–87.)

Furthermore, other treating physicians found Plaintiff's subjective complaints about pain less than credible. As Dr. Marshall pointed out from his review of the medical records, "Dr. Cumball found him partially credible. And [sic] felt that perhaps because of the disparity between the *rather benign objective medical finding*, and the alleged severity of the symptoms that he might need a functional capacity evaluation . . . ." (R. 571 (emphasis added).) Dr. Marshall even stated, rather clearly, that "the findings certainly would not appear to meet [or be] consistent with the extremely severe disabling pain." (R. 572.)

I agree with Plaintiff that "administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained." *Breeden v. Weinberger*, 493 F.2d 1002, 1010 (4th Cir. 1974). In this case, however, the ALJ's credibility determination was based on substantial evidence, most notably the medical evidence itself and the opinions of impartial medical experts. This evidence was proper and the ALJ's criteria was rational. While I do not doubt that Plaintiff is in some level of pain, that belief alone is hardly sufficient to overturn the ALJ's adequately supported conclusions.

---

[6] Dr. Marshall testified: "Usually we discourage people from using canes, except for somebody who's liable to stumble it's useful to one handy [sic]. Frankly, I'm not sure why the use of a cane is advised. Usually we tell people not to use canes because that if you use a cane on one side, it throws their whole muscular-skeletal system off balance. So I have no idea why he was advised to use a cane." (R. 578.) I disagree with the inference in the ALJ's opinion that Plaintiff's use of a cane is indicative of exaggerated pain complaints. (*See* R. 36.) Whether or not one was necessary, Plaintiff was simply following his doctor's suggestion. Despite my misgivings about this particular argument, I still conclude that the ALJ's determination that Plaintiff's subjective pain analysis was not entirely credible.

## IV. CONCLUSION

As the standard of review requires, I am precluded from judging the evidence in this case in the way a finder of fact would, and instead must review the record before this Court and determine whether substantial evidence supports the decision of the Commissioner. For the reasons given here, I find that substantial evidence supports the ALJ's decision. Therefore, I will **ADOPT** the Magistrate Judge's Report and Recommendation and **DENY** the Plaintiff's objections. I will **GRANT** the Defendant's Motion for Summary Judgment and **AFFIRM** the Commissioner's final decision. This case shall be **DISMISSED** from the active docket of this Court.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Crigler.

Entered this 10th day of November, 2009.

s/Jackson L. Kiser  
Senior United States District Judge